UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

MEGHAN ARCHER
511 South Kensington Drive
Appleton, Wisconsin 54915

    Plaintiff,

v.

PINNACLE HEALTHCARE, INC.
3838 Camino Del Rio N, Suite 240
San Diego, California 92108

    and

PAUL A. JAIN, M.D.
3838 Camino Del Rio N, Suite 240
San Diego, California 92108

    Defendants

Case No.: 26-cv-345

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Meghan Archer, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Meghan Archer, is an adult female resident of the State of Wisconsin with a post office address of 511 South Kensington Drive, Appleton, Wisconsin 54915.

5. Defendant, Pinnacle Healthcare, Inc., was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 3838 Camino Del Rio N, Suite 240, San Diego, California 92108.

6. During the relevant time periods as stated herein, Defendant Pinnacle Healthcare was a medical company.

7. During the relevant time periods as stated herein, Defendant Pinnacle Healthcare was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant Pinnacle Healthcare employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant Pinnacle Healthcare's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant Pinnacle Healthcare was an "employer" of an "employee," Plaintiff, as these terms are defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant Pinnacle Healthcare, as these terms are defined under the FLSA and the WWPCL.

12. Defendant, Paul A. Jain, M.D., was, at all material times herein, an adult male resident of the State of California with an address of 3838 Camino Del Rio N, Suite 240, San Diego, California 92108.

13. During the relevant time periods as stated herein, Defendant Jain owned, operated, and managed Defendant Pinnacle Healthcare.

14. During the relevant time periods as stated herein, Defendant Jain was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During the relevant time periods as stated herein, Plaintiff performed compensable work (healthcare documentation and medical transcription services) on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit in the State of Wisconsin.

16. During Plaintiff's employment with Defendants, Defendants supervised Plaintiff's day-to-day activities.

17. During Plaintiff's employment with Defendants, Defendants managed and directed Plaintiff's job duties and responsibilities each work day and each workweek.

18. During Plaintiff's employment with Defendants, Defendants established Plaintiff's daily and weekly work schedules.

19. During Plaintiff's employment with Defendants, Defendants provided Plaintiff with daily and weekly work assignments and hours of work.

20. During Plaintiff's employment with Defendants, Defendants had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

21. During Plaintiff's employment with Defendants, Defendants reviewed Plaintiff's work performance and hours of work.

22. During Plaintiff's employment with Defendants, Defendants established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work in the State of Wisconsin on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

23. During Plaintiff's employment with Defendants, Defendants controlled the terms and conditions of Plaintiff's employment.

24. During Plaintiff's employment with Defendants, Defendants established the manner and means of Plaintiff's compensation: her rates of pay for compensable work performed each workday and each workweek.

## FLSA & WWPCL ALLEGATIONS

25. In approximately April 2021, Defendants hired Plaintiff to perform healthcare documentation and medical transcription services on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin.

26. During Plaintiff's employment with Defendants, Defendants agreed to compensate Plaintiff on an hourly basis for hours worked or work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin.

27. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

28. On or about December 13, 2024, Defendants ended Plaintiff's employment.

29. From approximately April 2021 to December 2024, Plaintiff performed healthcare documentation and medical transcription services on a daily and/or weekly basis on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin.

30. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff at an overtime rate of pay for hours worked in excess of forty (40) in a workweek on Defendants' behalf, for Defendants' benefit, with Defendants' knowledge, and/or at Defendants' direction.

31. During Plaintiff's employment with Defendants, Defendants were aware that Plaintiff often worked hours in excess of forty (40) in a workweek on Defendants' behalf, for Defendants' benefit, and/or at Defendants' direction and that Plaintiff did not receive compensation at an overtime rate of pay for these hours worked.

32. During Plaintiff's employment with Defendants, and to date, Defendants have not compensated Plaintiff with all earned wages for hours worked and work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge, including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

33. During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating her with overtime wages for hours worked and work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge, in violation of the FLSA and WWPCL.

34. Defendants knew or should have known that Plaintiff must be compensated for any and all hours worked (and for all hours Defendants suffered or permitted her to work) in a workweek, including but not limited to, with overtime wages, in accordance with the FLSA and WWPCL.

35. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

36. Defendants owe Plaintiff earned and unpaid overtime wages for work performed during Plaintiff's employment with Defendants, in a total monetary amount of approximately $21,375.00, in addition to liquidated damages and attorneys' fees and costs.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)**

37. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

38. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

39. At all times material herein, Defendants were an employer of Plaintiff as provided under the FLSA.

40. At all times material herein, Plaintiff was an employee of Defendants as provided under the FLSA.

41. Defendants violated the FLSA by suffering or permitting Plaintiff to perform work without being properly or lawfully compensated at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

42. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

43. Defendants are subject to the overtime pay requirements of the FLSA because Defendants are engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

44. Defendants' failure to properly compensate Plaintiff with overtime pay was willfully perpetrated. Defendants also have not acted in good faith and with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

45. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

46. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

47. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

48. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

49. At all material times herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

50. At all material times herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

51. At all material times herein, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

52. At all material times herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

53. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

54. During Plaintiff's employment with Defendants, Defendants willfully failed to pay Plaintiff overtime pay for all hours worked in excess of forty (40) during a workweek, in violation of WWPCL.

55. As set forth above, Plaintiff has sustained losses in her compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid

compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

56. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid overtime wages in the amount of $21,375.00, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 2nd day of March, 2026

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com